Chief Justice Robertson
delivered the Opinion of the Court.
This appeal is prosecuted to reverse an order of the comity court of Jefferson, for establishing a ferry, in the name of Peleg Underwood, on the Ohio river, opposite to New Albany, pursuant to a special act of assembly, in the following words : “ That it shall be lawful for the county court of Jefferson county, a majority of. all the justices being present, to hear an application of Peleg Underwood to establish a ferry across the Ohio river, from the Kentucky shore, from a point about one half mile below Shrieve’s ferry, on said Underwood’s land ; and if a majority of the said court, then present, upon hearing the motion and evidence offered by any person interested, for or against the establishment of the ferry, shall be of opinion that a ferry ought to be established, they shall have power to establish the said ferry : — Provided however, that said Peleg Underwood shall advertise, at least one month, at the court house door, and in spine newspaper in Louisville, the time that he will make the application ; and, provided further, that either party may have the same right to appeal, or prosecute a writ of error, to the court of appeals, from the decision of said court, as in similar cases. ”
We shall not now consider the sufficiency of the notice, nor whether notice was waived by the appearance of Henry. Had Underwood proved title to the landing, the opinion of the county court as to the expediency of establishing the ferry, without the evidence furnished by the depositions, which were taken without authority, could not have been reversed.
By the general law, the owner of a ferry, must he the owner of the land where it is established; and no ferry is to he granted on the Ohio river, within half a mile of one previously established.' — A special act, authorizing the county court of Jefferson to establish a ferry across the Ohio, “from a point about half a mile below Shrieve’s ferry, on said Underwood’s land,” allows the new ferry within half a mile of another —not dispensing with the requisition of the general law as to title; and Underwood having failed to show title in himself to the landing,the order granting the ferry is reversed.
Bat we are of the opinion, that it was incumbent on Underwood to prove, that he had a title to the landing Qn the Kentucky shore ; and he exhibited no other evidence of title than a conveyance from the Bank of thee United States ; which was insufficient to shew that he had title, unless title in the Bank, at the date of the conveyance, had also been proved.
According to the general law, as it has been frequently expounded by this court, the owner of the landing can alone be the proprietor of a ferry across the Ohio river ; and, according to the law regulating - the establishment of femes on that river, the ferry sought by Underwood could not be established, because it would be not more than half a mile from a ferry already established.
We cannot presume, that the legislature intended to dispense with proprietorship, by Underwood, of the land which the general law required as indispensable to the grant of a ferry to any citizen of Kentucky., Nor is there any thing in the special act of assembly, which imports such an intention. The act seems to have presupposed that he was the owner of the land. But the legislature surely did not decide, or intend to decide, that he did own the land. Doubtless, the words, “ on said Underwood’s land,” were used to designate the place for the ferry, and were superinduced by his own representations as to his proprietorship, about which there was no investigation or dispute, as the application for the act was ex parte.
According to a reasonable interpretation of the special act, the legislature intended only that, as another ferry within the distance limited by law, might be required by general convenience and public policy, the county court of Jefferson should not, upon Underwood’s application, be interdicted, by the law limiting the distance within which ferries should not approximate, on the Ohio, from promoting the common interest by granting to him a ferry, if, in its opinion, such a “ferry ought to be established.”
That, as we must infer, was the only object of that act. The legislature did not intend to dispense with proof of title to the land, or of any other fact, except distance, *247 which the general law required to be established in ordinary applications for ferry grants on the Ohio river. Any other construction of the special act would give to it an operation not only extraordinary, but unreasonable and unjust ; for, if any other person than Underwood be the true owner of the land, it should not be appro- , ... . . .. . , pnated to public use without his consent, or without a full equivalent first paid to him.
Tlie . property oi an individual cannotbe taken (asfo^afery*) without his coi-paid,
The act authorizes the county court to hear Underwood’s application, and hear evidence; and authorizes an appeal or writ of error for revising the order of the court. Hence, something more was expected than the exercise of an arbitrary discretion by the county court. Proof of title was indispensable.
Wherefore, as Underwood failed- to establish title to the land where the proposed ferry would be established, the order granting to him a ferry was unauthorized by any law — general or special; and is therefore' set aside and annulled. v